UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DARREN FLUTE<br><br>Defendant. | 3:21-CR-30076-RAL<br><br>ORDER ON PRETRIAL MOTIONS |

On November 7, 2022, at the pretrial conference and motion hearing held in this case, this Court heard argument on pretrial motions. Both the Government and Defendant had filed motions in limine. Doc. 59; Doc. 63. Rulings on motions in limine are preliminary in nature, subject to reconsideration depending on the evidence at trial and whether a party successfully opposing admission of certain evidence opens the door to its admissibility during trial. The granting of a motion in limine precludes certain matters from being presented to the jury—whether in voir dire, opening statements, questioning of witnesses, statements by witnesses, or closing argument—unless this Court rules otherwise after discussion with counsel outside the hearing of the jury. For the reasons discussed on the record during the pretrial conference, it is hereby

ORDERED that the Defendant's Motion in Limine to Prohibit Specific Evidence, Doc. 59, is granted in part and denied in part to the extent that (1) evidence or allegations of any other prior bad acts or conduct of the Defendant not associated with the date in the indictment are excluded; (2) methods of proving character through specific instances of conduct by Defendant are

1

inadmissible; (3) evidence relating to the Defendant's or any defense witness' reputation for truthfulness will not be allowed absent obtaining a ruling to the contrary from this Court; (4) the Government and its witnesses should refrain from using the term "victim"; and (5) this Court reserves ruling on potential hearsay statements made by the victim to Government witnesses and medical providers on or about August 15 and 16, 2020 regarding the alleged offense as some of the statements may be admissible as excited utterances or in seeking medical treatment or for a non-hearsay purpose of explaining how law enforcement became involved. It is further

ORDERED that the Government's Motions In Limine, Doc. 63, are granted in part and denied in part to the extent that (1) no reference to the possible penalty or punishment of Defendant shall be made during trial; (2) no mention of how conviction of a felony might affect Defendant's life plans is to be made, although counsel may characterize the charge of Sexual Abuse of a Person Incapable of Consent as a serious offense or felony offense; (3) no witness may opine on whether Defendant is guilty or innocent at any time during trial, but counsel of course remain free to argue whether the evidence does or does not prove guilt beyond a reasonable doubt and argue whether Defendant is guilty or innocent; (4) subject to potential rule of completeness issues, hearsay statements made by Defendant and being offered by Defendant to exculpate himself generally are inadmissible; (5) other than one case agent per side, fact witnesses shall be sequestered until both sides agree to release any such witness from subpoena; (6) as to any evidence regarding the alleged victim's credibility or believability as to the alleged acts set forth in the indictment, this Court will follow Federal Rule of Evidence 608; (7) as to any evidence regarding specific instances of the alleged victim's dishonesty and untruthfulness, this Court will follow Federal Rule of Evidence 405; (8) there shall be no mention of prior sexual conduct or behavior by the victim with any person other than Defendant, so long as the Government does not open the door to such evidence

during its case-in-chief, in which case this Court reserves ruling on what may be admissible to rebut such evidence; and (9) and (10) evidence regarding the character of any Government witness as a drug user, including evidence regarding outstanding arrest warrants for or indictments filed against those witnesses, is inadmissible, but evidence of possible methamphetamine use and other substance use and abuse by the victim and government witnesses at or around August 15 and 16, 2020, will be allowed.

DATED this 8th day of November, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE